156 A.3d 1040

IN THE MATTER OF VICTOR K. RABBAT, AN ATTORNEY
AT LAW (ATTORNEY NO. 033911984)

MARCH 22, 2017

## AMENDED ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16–018, recommending that **VICTOR K. RABBAT** of **TOTOWA**, who was admitted to the bar of this State in 1984, be disbarred for violating *RPC* 1.15(a)(knowing misappropriation of client funds), *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit, or misrepresentation), and the principles set forth in *In re Wilson*, 81 *N.J.* 451, 409 *A.*2d 1153 (1979);

And **VICTOR K. RABBAT** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having excluded from its consideration of the allegations of knowing misappropriation the evidence in respect of the charge pertaining to the check in the *Hayek* matter, which was first presented during the hearing, after the death of the client;

And the Court having determined from its de novo review of the record that the evidence presented is sufficient to establish by clear and convincing evidence only the negligent misappropriation of client funds by respondent;

And good cause appearing;

**It is** ORDERED that **VICTOR K. RABBAT** is suspended from the practice of law for a period of three years, effective April 8, 2017, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement

for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.